UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 0 4 2017

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. |
| § | |
| CHARLES QUINTARD BEECH III § | 17 CR 006 |

## INFORMATION

THE UNITED STATES CHARGES:

### Introduction

At all times material to this Information:

1. Petroleos de Venezuela S.A. ("PDVSA") was the Venezuelan state-owned and state-controlled oil company. PDVSA and its subsidiaries were responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government. Bariven S.A. ("Bariven") was the PDVSA procurement subsidiary responsible for equipment purchases. PDVSA and its wholly owned subsidiaries, including Bariven, were "instrumentalities" of the Venezuelan government as that term is used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(2)(A). PDVSA officers and employees were "foreign officials" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).

2. At all relevant times, Defendant **CHARLES QUINTARD BEECH III** ("Defendant **BEECH**") was a U.S. citizen and a resident of Texas, and controlled, together with others, a number of closely-held companies, including two companies based in the Southern District of Texas, that **BEECH** used to secure contracts with PDVSA. **BEECH** was thus a "domestic concern" and an officer, director, employee, agent, and shareholder of a "domestic concern" as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

3. At all relevant times, Alfonzo Eliezer GRAVINA Munoz ("GRAVINA"), a resident of the Southern District of Texas, was employed by PDVSA or a wholly owned subsidiary thereof, including as a purchasing manager. GRAVINA's job responsibilities included selecting companies for bidding panels, which allowed those companies to submit bids on individual PDVSA projects. GRAVINA, who has been charged separately, was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).

4. "Official G," an individual whose identity is known to the United States, was at all relevant times working for PDVSA or a wholly owned subsidiary thereof, including as a senior executive for Bariven. Official G's job responsibilities included exercising authority over or managing the purchasing and

2

procurement process for Bariven. Official G was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).

## COUNT ONE
### (18 U.S.C. § 371 – Conspiracy)

5. Beginning in at least 2011 and continuing through at least 2012, in the Southern District of Texas and elsewhere, the defendant,

**CHARLES QUINTARD BEECH III,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly conspire, confederate, and agree with persons known and unknown, to commit offenses against the United States, that is: being a domestic concern, and an officer, director, employee, agent, and shareholder of a domestic concern, to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage;

and (iv) inducing such foreign official to use his influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist Defendant **BEECH** in obtaining and retaining business for and with, and directing business to, Defendant **BEECH** and Defendant **BEECH's** companies, in violation of the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2(a).

## Purpose of the Conspiracy

6. The purpose of the conspiracy was for Defendant **BEECH** to make corrupt bribe payments to PDVSA officials, including, but not limited to, GRAVINA and Official G, to enrich Defendant **BEECH** by obtaining and retaining purchase orders with PDVSA.

## Manner and Means of the Conspiracy

7. The manner and means by which Defendant **BEECH** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following, while in the Southern District of Texas and elsewhere:

8. Defendant **BEECH** paid bribes to PDVSA officials through the use of interstate and foreign wires in order to influence acts and decisions of certain PDVSA officials in their official capacities and to induce the PDVSA officials to do and omit to do certain acts, including, but not limited to:

a. assisting **BEECH's** company or companies in winning PDVSA purchase orders;

b. providing **BEECH** with inside information concerning the PDVSA bidding process;

c. placing one or more of **BEECH's** companies on certain bidding panels for PDVSA projects;

d. assisting **BEECH's** companies in receiving payment for previously awarded PDVSA contracts, including by requesting payment priority for projects involving **BEECH's** companies.

9. Defendant **BEECH**, together with others, caused bribe payments to be wired from the bank accounts of **BEECH's** company to the bank accounts of a relative of a PDVSA official or an entity designated by the PDVSA officials who received the bribes.

10. Defendant **BEECH** had certain of the bribes paid into a U.S. bank account in the name of a relative of a PDVSA official in order to conceal the nature, source, and ownership of the bribe proceeds.

## Overt Acts

11. In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed or caused to be committed, in the

Southern District of Texas and elsewhere, at least one of the following overt acts, among others:

12. On or about May 22, 2012, Defendant **BEECH** caused $15,000 to be transferred from a bank account in the name of a company owned by Defendant **BEECH** to a bank account in the name of one of GRAVINA's relatives in exchange for GRAVINA's assistance in awarding PDVSA purchase orders to a company or companies owned by Defendant **BEECH**.

13. On or about August 23, 2012, Defendant **BEECH** caused $132,240.32 to be wired from a U.S. bank account in the name of a company owned by Defendant **BEECH** to a Swiss bank account in the name of a company controlled by Official G in exchange for Official G's assistance in giving payment priority to a company or companies owned by **BEECH** ahead of other PDVSA vendors with outstanding invoices.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF CRIMINAL FORFEITURE
(28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C))

14. Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to **CHARLES QUINTARD BEECH III** that in the event of his conviction of the offense charged in Count 1 of the Information, the United States intends to seek

forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

### Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of all property subject to forfeiture.

### Substitute Assets

15. Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant or his co-conspirators,

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

   c. Has been placed beyond the jurisdiction of the Court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided without difficulty;

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

KENNETH MAGIDSON
UNITED STATES ATTORNEY

BY: _____
JOHN P. PEARSON
DEPUTY CHIEF
ROBERT S. JOHNSON
ASSISTANT UNITED STATES
ATTORNEY

ANDREW WEISSMANN
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

BY: _____ for:
AISLING O'SHEA
JEREMY R. SANDERS
TRIAL ATTORNEYS

8